IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

APRIL MOORE PLAINTIFF

vs. Civil No. 1:25-cv-01092

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

April Moore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable John Thomas Shepherd, District Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

## 1. Background

Plaintiff filed her DIB and SSI disability applications on January 18, 2023. (Tr. 18)..[1] In her applications, Plaintiff alleges being disabled due to lupus, heart disease, liver disease, depression, high blood pressure, diabetes and anal cancer. (Tr. 220). Plaintiff alleged an onset date of

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

September 1, 2021. (Tr. 18). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 129-165). This hearing was held on September 24, 2024. (Tr. 39-68). At this hearing, Plaintiff was present and represented by Attorney Krystina Barner. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at the hearing. *Id.*

The ALJ entered an unfavorable decision on November 7, 2024. (Tr. 18-33). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2025. (Tr. 20, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since September 1, 2021. (Tr. 20, Finding 2).

The ALJ determined Plaintiff had severe impairments of systemic lupus erythematosus with musculoskeletal joint pain, degenerative changes in the lumbar spine, obesity, fatty liver disease/nonalcoholic steatohepatitis, and residual effects of stage 1 rectal neuroendocrine tumor status-post resection. (Tr. 21, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 24, Finding 4).

The ALJ then considered Plaintiff's subjective complaints and determined her RFC. (Tr. 25-31). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work except can never climb ladders, ropes, or scaffolds, but can frequently reach overhead, stoop, kneel, crouch, climb ramps or stairs; and should avoid hazards such as unprotected heights. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* However, the ALJ also found there were jobs in

significant numbers in the national economy that Plaintiff could perform. (Tr. 32, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price tagger with approximately 136,000 jobs in the nation, (2) collator operator with approximately 33,000 jobs in the nation and (3) toll collector with approximately 6,000 jobs in the nation. *Id.* Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act from September 1, 2021, through the date of the decision. (Tr. 33, Finding 11).

On December 23, 2025, Plaintiff filed the present appeal. ECF No. 2. Both parties have filed appeal briefs. ECF Nos. 14, 17. This case is now ready for decision.

**2. Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 14. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ failed to include a mental limitation in the RFC, (B) the ALJ erred in the RFC determination, and (C) the ALJ failed to properly evaluate Plaintiff's need for the use of a cane. *Id.* The Court will consider each of these arguments.

**A. Mental Limitations in Plaintiff's RFC**

Plaintiff asserts the ALJ erred in failing to consider her mental limitations when determining her RFC. ECF No. 14. At Step Two of the SSA's five-step sequential evaluation, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe," that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1509, 416.909; 404.1520(a)(4)(ii); 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). At Step Two, the ALJ acknowledged that Plaintiff had a non-severe mental impairment. (Tr. 23-24). The ALJ's evaluation found a mild limitation in Plaintiff's interacting with others and in concentrating, persisting, and maintaining pace. *Id.* Plaintiff asserts the ALJ failed to properly consider these limitations in the formulation of her RFC. ECF No. 14, p. 4.

The ALJ appropriately considered Plaintiff's mild impairments found in Step Two while formulating the RFC at Step Four. (Tr. 23-31). The ALJ discussed Plaintiff's reported mental limitations when explaining the RFC formulation. (Tr. 29). The ALJ explained why other evidence made Plaintiff's self-reported limitations less credible and insufficient to require including exclusions for them in the RFC, noting few complaints and mental status exams within normal limits. (Tr. 29-31). When formulating Plaintiff's RFC at Step Four, the ALJ discussed Plaintiff's reported mental limitations and medical records to the contrary at some length. *Id.* Based on this, the ALJ determined that evidence in the record precluded any finding that any mental limitations were significant enough to interfere with her ability to perform work.

Where an ALJ's finding of a mental limitation at Step Two can be "harmonized" with the Step Four determination, there is no reversable error. *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006)). The ALJ

properly determined that the mild limitations from Step Two were contradicted by other evidence in the record to such a degree that the RFC formulation at Step Four did not require the inclusion of any mental limitations. Accordingly, the Court finds the ALJ did not commit reversable error by declining to include any additional mental limitations in formulating Plaintiff's RFC.

**B. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with postural and environmental restrictions. (Tr. 25, Finding 5). Plaintiff argues the ALJ erred in this RFC determination by not including any fatigue related limitations. ECF No.14, pp. 6-8. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. See 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from several impairments does not demonstrate she has more limitations than those found in the RFC assessment.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. (Tr. 25-31). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC. *Id.*

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. Plaintiff's Need for a Cane**

Plaintiff's final argument is that the ALJ erred when she did not properly consider whether Plaintiff would need to use a cane for ambulation. ECF No. 14, pp. 8-10.

SSR 96-9p states, "To find that a hand-held assistive device is medically required, there must be medical documentation [1] establishing the need for a hand-held assistive device to aid in walking or standing, and [2] describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

The ALJ found that the use of a cane was not prescribed by a doctor. ECF No. 31. Additionally, the record lacks any medical documentation that established the need for a hand-held device to aid in walking or standing and describes the circumstances for which it is needed. Substantial evidence supports the ALJ's finding that Plaintiff's cane was not medically necessary, and therefore, substantial evidence supports the ALJ's decision that the RFC should not include the limitation of a medically required hand-held assistive device.

**4. <u>Conclusion</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of September 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE